Law Library

## IN THE SUPERIOR COURT OF GUAM

FILE

2014 JAN 30 AM 10: 55

CLERK OF COURT

BY:_____

BARBARA ZACHARIAS,               )
                                 )
                    Plaintiff,   )          CASE NO. CV0503-09
                                 )
          v.                     )
                                 )          **FINDINGS OF FACT AND**
                                 )          **CONCLUSIONS OF LAW**
                                 )
GERARD A. CHAMPION, as Trustee,  )
IGNACIA BUTLER TRUST,            )
                                 )
                    Defendant.   )
                                 )

This matter came before the Honorable Alberto C. Lamorena, III, on October 11, 2013 for a Bench Trial. Attorney Thomas Fisher represented Plaintiff Barbara Zacharias. Defendant Gerard A. Champion appeared *pro se.* The Court now issues its Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. At times relevant to this case, Plaintiff Barbara Zacharias owned unit A204 in University Gardens.[1]

2. Defendant Gerard Champion is a Trustee to the Ignacia Butler Trust.

3. The Trust owns multiple units in University Gardens.

4. At times relevant to this case, the Ignacia Butler Trust owned unit A304 in University Gardens.

5. Unit A304 is located above unit A204.

6. On December 4, 2007, the tenant in A204 contacted Plaintiff to inform her of water damage in the kitchen. Tenant complained of water along the walls and mold growing.

---

[1] Plaintiff referred to her unit as "A204" while others designated it "204A." The Court took these to be interchangeable, but will refer to A204 for uniformity.

7. The damage was not readily apparent because objects obstructed viewing the damaged areas, and the tenant reported the damage as soon as it was observed.

8. Upon inspection, Plaintiff found damage to cabinets, the walls, the caulking, the ceiling, and the counter.

9. Plaintiff contacted Robert Munier, who was then a manager at University Gardens.

10. Munier inspected the damage to A204 and ascertained that the water leaking into the unit originated in A304.

11. Munier inspected A304 and found water collecting under the kitchen sink but was unable to determine its source.

12. Munier contacted a plumber, who determined the water originated from a leaky water softener in A304.

13. According to University Garden rules, damage to a unit caused by another unit would have to be worked out between the respective owners.

14. Cecilia Champion is the wife of Gerard Champion.

15. Mrs. Champion is often the point of contact for residents when they experience problems with the units owned by the Trust.

16. Mrs. Champion facilitates repairs when she can and when necessary, contacts Mr. Champion to facilitate.

17. Plaintiff contacted Mrs. Champion to tell her about the water damage.

18. Mrs. Champion facilitated the repair of the leak, which was completed within two days of being notified.

19. Though there was contact between parties as to how to repair the damage to A204, the damage to the unit remained unrepaired until April of 2008.

20. On April 17, 2008, Plaintiff signed a check in the amount of one thousand, four hundred dollars ($1,400.00) payable to Ernest Gray Construction as payment for the repairs to A204.

21. Ernest Gray Construction and its subcontractor repaired A204.

2

22. On August 11, 2008, Mrs. Champion signed a check payable to Plaintiff in the amount of eight hundred dollars ($800.00) as payment for the repairs done to A204.

23. The amount of the check was in Mrs. Champion's estimate a reasonable amount for the work that was done.

24. Plaintiff did not accept the August 11, 2008 check.

## CONCLUSIONS OF LAW

1. For the breach of an obligation not arising from contract, the measure of damages... is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not. 20 G.C.A. § 2225.

2. **Agency**. An agency is either actual or ostensible. An agency is actual when the agent is really employed by the principal. An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him. 18 G.C.A. §§ 20104-20106. Here, no evidence was presented that Mrs. Champion was employed by the Trust. However, evidence was presented that Mrs. Champion is the point of contact for problems which arise with the University Gardens units owned by the Trust. Further, she often facilitates repairs or otherwise resolves issues related to the Trust's properties. Thus, an ostensible agency exists as between Mrs. Champion and the Trust.

3. **Agent's Authority**. An agent has such authority as the principal, actually or ostensibly confers upon him. 18 G.C.A. § 20212. Ostensible authority is such as a principal intentionally, or by want of ordinary care, causes or allows a third person to believe the agent to possess. Every agent has actually such authority as defined in this Part, unless specially deprived thereof by his principal, and has even then such authority ostensibly, except as to persons who have actual or constructive notice of the restriction upon his authority. 18 G.C.A. §§ 20214-20215. Here, Defendant presented evidence that at the time of the transactions between Mrs. Champion and

3

Plaintiff, he and Mrs. Champion were neither living together nor communicating. Further, testimony was received that Mrs. Champion usurped his authority in the dealings with Plaintiff. However, as cited above, Guam law requires that for the agent's authority to be fully stripped away, a third party must have actual or constructive notice that there has been a restriction of authority. This did not occur here. Thus, Mrs. Champion had as much authority as she had during the times when she was in communication with Defendant.

4. **Mitigation.** In his closing, Defendant acknowledged that there was a leak in A304, yet disputed the amount for which repairs were made. Defendant's argument was essentially that Plaintiff and her tenant failed to mitigate damages by allowing the leak to go unreported for so long. This Court declines to find that Plaintiff and her tenant failed to mitigate damages as there were objects which obstructed viewing damaged areas. The evidence presented leads the Court to conclude that Plaintiff did not fail in the duty to mitigate.

5. Plaintiff has established: a) A304 was owned by the Ignacia Butler Trust; b) a leak in A304 caused damages to A204; c) the matter was being dealt with between the Trust and Plaintiff; and d) the amount of damages suffered. It is the conclusion of this Court that Defendant is liable for the damages suffered by Plaintiff.

6. As discussed above, the measure of damages is the amount which will compensate for all the detriment caused. Here, the damage to A204 resulted in construction work for the amount of $1,400.00. This sum constitutes the detriment caused by the leak.

## CONCLUSION

Based on these findings of fact and conclusions of law the Court finds that judgment shall be entered for plaintiff, Barbara Zacharias, in the amount of $1,400. As the prevailing party in this action for damages, plaintiff is awarded reasonable costs pursuant to the provisions of 7 GCA § 26602 and interest at the prevailing

4

judgment interest rate pursuant to Title 18 GCA § 47106. Plaintiff is hereby ordered to submit a judgment consistent with this Decision, approved by Defendant as to form.

It is **SO ORDERED** this 30th day of January, 2014.

Original Signed By:
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam.

JAN 3 0 2014

Rosaline R. Salas
Deputy Clerk, Superior Court of Guam